Argued February 17, affirmed March 6, 1928.

# R. J. BETTENCOURT *v.* A. I. BETTENCOURT
## ET AL.

### (264 Pac. 854.)

**Mortgages—Evidence Held not to Support Defense in Foreclosure Suit That Plaintiff Failed to Carry Out Agreement With Defendant.**

In suit to foreclose mortgage, evidence *held* not to sustain defense that plaintiff, defendant's son, failed to carry out his promises to support defendant's family and care for the property, and that instead of paying off the mortgage he had taken an assignment thereof.

Accounts and Accounting, 1 C. J., p. 628, n. 17.
Cancellation of Instruments, 9 C. J., p. 1254, n. 3.

From Marion: L. H. McMahan, Judge.

Department 2.

This is an appeal prosecuted by A. I. Bettencourt from a decree foreclosing a second mortgage lien for $561.52 upon an eighty-acre tract of land situate in Marion County, Oregon.                    Affirmed.

For appellant there was a brief and oral argument by *Mr. John Bayne.*

For respondent there was a brief and oral argument by *Mr. Guy O. Smith.*

BROWN, J.—The mortgage, forming the subject matter of this suit, was made and executed by the defendant A. I. Bettencourt and his wife in favor of John F. Kaufman and by him assigned to plaintiff. The defendant, after deserting his four minor children, took up his residence in the State of California, and was an inhabitant of that state at the time of the filing of this suit. However, after having been summoned to court he appeared, filed an answer and defended against the foreclosure suit upon the ground of the alleged fraudulent application by the plaintiff of the income received by him from the operation of the farm covered by the mortgage lien involved herein.

The defendant alleges that he placed plaintiff in charge of the farm, and other personal property, in consideration of plaintiff's promise to have defendant's wife return to the farm and care for the children; and out of the income from the real and personal property provide and educate defendant's four minor children, two of whom were little girls, pay

124 Or.—33

the notes and mortgage described in plaintiff's complaint, pay the installments, as they become due, on a mortgage for $4,500 in favor of the Union Central Life Insurance Company, pay the property taxes, keep the farm and personal property in good condition and replace any personal property lost or consumed, and, after the children were reared and educated, return the property to this defendant.

The defendant charges that plaintiff failed to carry out all of his alleged promises, and, instead of paying off the second mortgage, took an assignment thereof.

After reading the record, which shows that this eighty-acre farm was only partially cleared and fitted for agricultural purposes, we wonder how it would be possible for plaintiff successfully to accomplish the things set down above. Furthermore, according to the defendant, his son, the plaintiff, was not to receive one dollar for his toil until he had performed all the conditions above mentioned. The transcript of evidence shows that the defendant is unfair; that he made an evasive witness; and it further discloses that he would burden his son with responsibilities and obligations that he never assumed. The defendant in cool blood, and with a calculating mind, obtained what he could on his property in settlement with his wife and then withdrew his funds and departed to another state without executing his promise to convey his property to his wife by a proper deed. For further particulars see the companion case filed this day. The equity in this case is with the plaintiff. This case should be affirmed, and it is so ordered.

AFFIRMED.

RAND, C. J., and BEAN and BELT, JJ., concur.